IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | Case No: 5:14-bk-02262 |
| | : | |
| Hal H. Harris & Terrence A/ Colbert, | : | |
| Respondents | : | |

**RESPONDENT'S OPPOSITION TO
DEBTOR'S MOTION FOR CONTEMPT AND REQUEST INJUNCTIVE RELIEF**

    Now comes Hal H. Harris ("Harris") and Terrence A. Colbert ("Colbert") collectively referred to hereinafter as "Creditors" who move This Court to deny Debtor's Motion For Contempt and Request For Injunctive Relief ("MFC"), and in support thereof Creditors avers as follows;

1. As a preliminary issue Debtor MFC should be stricken or dismissed by This Court because to this date, Debtor has not served the MFC, that Debtor filed with This Court on April 25th, 2022, on either of the Creditors. Furthermore, Debtor utterly failed to a Certificate Of Service evidencing service of the MFC on Creditors, as required by Local Rule 9013-3, likely because Debtor knew she did not serve the MFC on the Creditors as required.

2. Ms. Leticia Couttien ("Debtor") is trying to misuse This Honorable Court to unjustly stall the civil action between Debtor and Creditors styled *Leticia Couttien v. Terrence Colbert and Hal Harris* in the Court Of Common Pleas for Pike County, PA at Docket No. 1171-CIV 2013 ("State Case") that Debtor has continually delayed, for nearly nine (9) years, by use of unscrupulous tactics since Debtor commenced the State Case, against Creditors, in July 2013.

3. Debtor moved This Court to re-open her chapter 7 bankruptcy, on advice of her State Case legal counsel, Elizabeth Anderson, Esq. ("Ms. Anderson"), who is not admitted to practice in any U.S. Bankruptcy Court, to further delay the State Case, despite the fact Debtor specifically agreed the State Case was not resolved in the *Stipulation To Resolve Adversary Proceeding* dated December 5th, 2017, at This Court's Docket No. 5:14-AP-00269 ("Bankruptcy Stipulation"), found at docket entry 196-1, that was made an ORDER of This Court's by This Court's Amended Order dated February 28th, 2018, found at docket entry 202.

4. Indeed paragraph 15 of the Bankruptcy Stipulation states the following;

   *"It is expressly understood and agreed that this Stipulation only resolves the present Adversary Proceeding and the personal liability of Couttien for debts and/or obligations incurred prior to May 13, 2014. This Stipulation does not resolve the currently pending and/or stayed civil cases in the Court of Common Pleas of Pike County, Pennsylvania, involving the Parties to this stipulation. This Stipulation does not foreclosure future litigation that either Plaintiff may institute against Couttien."*

5. Debtor's *Motion For Contempt And Injunctive Relief* ("MFC") is frivolous and an absolute abuse of This Court's resources because at paragraphs 10 and 11 *Affidavit Of Defendant/Debtor,* made under penalty of perjury, that is an integral part of the Bankruptcy Stipulation, Debtor freely and clearly admitted she stole Creditors' Personal Property that Debtor intentionally and fraudulently listed as being "owned by Debtor" and "exempt" on Debtor's bankruptcy schedules, despite Debtor's full knowledge that said personal property 1) was owned by Creditors 2) had a value that greatly exceeded the amounts Debtor listed on her bankruptcy schedules and 3) was the very same personal property listed in Creditors' Replevin Counterclaim against Debtor in the State Case.

6. Indeed, paragraphs 10 and 11 of the *Affidavit Of Defendant/Debtor,* made under penalty of perjury, stated the following;

   *"10. When I vacated the Real Property, I removed personal property that I did not own, including items set forth in the replevin action indexed at docket no. 1171-CV-2013, having neither contributed money and/or any consideration for the purchase of the personal property.*

   *11. I removed the items of personal property from the Real Property, without the knowledge, authorization and/or permission from Colbert and/or Harris."*

7. Debtor's claim in Paragraph 2 of Debtor's MFC that the Bankruptcy Stipulation *"limited Debtor's personal liability to sixteen thousand dollars ($16,000)"* is an absolute falsehood/lie.

8. Factually, there was not limit to Debtor's liability to Creditors and the sixteen thousand dollars ($16,000) Debtor was/is required to pay to Creditors was merely a reduced amount to defray the cost of further litigation in the then pending Adversary Proceeding that Creditors filed against Debtor. This fact is documented by language in paragraph 18 of the *Affidavit Of Defendant/Debtor* which clearly states the following;

   *"18. No part of the monetary settlement between myself and Plaintiffs was or is intended to constitute, or be construed; in any way, a payment or partial payment*

> *for the purchase and/or use of any of the personal property that I removed from the Real Property, but rather is only a settlement to defray the uncertainty of the outcome and cost of further litigation in the above-captioned Adversary Proceeding in an amount based upon a separate obligation."*

9. The separate obligation referred in paragraph 18 of the *Affidavit Of Defendant/Debtor,* were costs Creditors incurred for over four (4) years of litigation related to the Adversary Proceeding Creditors filed due the fraudulent misrepresentations in Debtor's bankruptcy schedules.

10. Creditors respectfully request This Court take Judicial Notice of 1) The Stipulation and the Affidavit of Defendant/Debtor attached thereto, that is an integral part of The Stipulation, that were filed on December 5th, 2017 and found at Docket Entry 196-1 under This Court's Docket No. 5:14-AP-00269 and 2) This Court's Amended Order dated February 28th, 2018 and found at docket entry 202 under This Court's Docket No. 5:14-AP-00269, that made The Stipulation and Affidavit of Defendant/Debtor attached thereto an official Order of This Court.

11. Debtor's claim at paragraph 3 of the MFC is preposterous because Colbert's lawsuit, captioned *Terrence A. Colbert, Plaintiff v. Allstate Property And Casualty Insurance Company ("Allstate") and Debra Colucci, Defendants*[1] at Docket No. 3:20-CV-1066 ("Federal Case") in U.S. District Court Middle District Of Pennsylvania ("DCMDP") does not seek "to recover losses regarding the property and items discharged in Debtor's bankruptcy" as Debtor claims.

12. Factually, the Federal Case sought to enforce the Allstate Policy that insured Creditors' personal that Debtor admitted, in the *Affidavit of Defendant/Debtor*, she stole when she vacated The Real Property in June 2014, which was after the May 13th, 2014 filing date of Debtor's Chapter 7 bankruptcy and therefore not covered by Debtor's bankruptcy.

13. Furthermore, Debtor's request for This Court issue an injunction or stay of the State Case until the Federal Case, that Debtor is not a party to, is resolved is ludicrous because Debtor and Attorney Anderson are both acutely aware that U.S. Magistrate Judge William I. Arbuckle of DCMDP issued a Report And Recommendation, on August 16th, 2021, before Debtor filed her motion to reopen her bankruptcy case, that dismissed Colbert's' Breach Of Contract claim against Allstate and thereby rendered Allstate as "not liable" to pay Creditors for Creditors' personal property that Debtor stole when she vacated The Real Property in June 2014

---

[1] After Harris voluntarily removed himself from the case his name was removed as a Plaintiff by The Court.

14. Creditors hereby request This Court take judicial notice of U.S. Magistrate Judge William I. Arbuckle's twenty-nine (29) page Report And Recommendation ("R & R"), filed on August 16th, 2021, that is found at DCMDP's Docket Number 3:20-CIV-1066 at document # 26, that, in pertinent part, states the following:

    > "**V. RECOMMENDATION**
    > Based on the foregoing, IT IS HEREBY RECOMMENDED THAT:
    > (1) Defendants' Motion to Dismiss (Doc. 6) be GRANTED in part and DENIED in part as follows:
    > a. Plaintiff's Breach of Contract claim (Count 1) should be DISMISSED WITH PREJUDICE.
    > b. Plaintiff's Unjust Enrichment claim (Count 6) should be DISMISSED WITH PREJUDICE.
    > c. Defendants' Motion to Dismiss should be DENIED as to Plaintiff's claims of Negligent Misrepresentation (Count 2), Bad Faith (Count 3), Civil Conspiracy (Count 4), and Unfair and Deceptive Trade Practices (Count 5)."

15. **Exhibit A** attached hereto is a true copy of U.S. District Judge Malalchy Mannon's September 16th, 2021 ORDER that adopted Magistrate's Arbuckle's 8/15/2021 R & R in its entirety.

16. Magistrate Arbuckle's R & R and Judge Mannon's Order make clear that 1) Allstate is not liability for Colbert's insurance claim for Creditors' personal property that Debtor stole and 2) Colbert's open claims in the Federal Case, against Allstate, are for Negligent Misrepresentation, Bad Faith, Civil Conspiracy, and Unfair & Deceptive Trade Practices.

17. None of Colbert's open claims in the Federal Case involve or relate to Debtor and none of those claims were even listed, covered and/or discharged in Debtor's Bankruptcy.

18. For The record Creditors Counterclaims is the State Case are 1) Replevin - relating to Creditors' personal property that Debtor stole when Debtor vacated The Real Property in June 2014 2) Ejectment – which is moot now since Debtor vacated The Real Property in June 2014 and 3) Conversion Of Corporate Assets - related to Creditor's business assets Debtor illegally converted to for Debtor's personal use that Creditors entrusted to Debtor's care, as a Creditor's fiduciary, while Debtor served as President of Creditors' corporation that provided income tax preparation services to clients.

19. Factually, the only reason Debtor re-opened her bankruptcy case was to, once again, stall the judicial machinery in pending and long-delayed State Case that's nearing a jury trial in which

Debtor, due to her own admissions in the Affidavit of Defendant/Debtor, will undoubtedly be held liable for substantial monetary damages payable to Creditors.

20. Ironically, Debtor already achieved what she sought by frivolously reopening her bankruptcy case and filing the MFC. To wit, discovery and the jury trial in the State Case was delayed for an additional fourteen (14) months and counting due to Debtor deliberate abuse of judicial systems and processes.

21. Creditors relied on the terms of paragraph 15 of The Stipulation to relist and relist and pursue the State Case that Debtor bankruptcy filing stayed for over four (4) years. Thus, Debtor reopening of her bankruptcy after waiting and litigating the State Case for ?? years after The State Case was reactivated was and is prejudicial to Creditor's because re-opening Debtor's bankruptcy case has only served to further delayed discovery and the jury trial in the State Case and further prolong the day that Debtor's must pay Creditor's for her theft of The Creditors' personal property and other wrongs and illegal acts Debtor admitted to, which are debts and obligations of Debtor that were discharged and are not dischargeable.

22. The Certificate Of Service verifying this Pleading was served on Debtor by U.S. Mail with proof of mailing is attached hereto.

23. The undersigned Creditors declare under penalty of perjury the foregoing is true and correct.

24. A proposed Order is attached hereto.

**WHEREFORE**, based on the above, Creditors respectfully requests This Court issue an Order that 1) Denies Debtor's Motion For Contempt And Injunctive Relief 2) states Creditors may continue to prosecute the civil actions in the State Case against Debtor 3) awards Creditors costs associated with Creditors' responding to Debtor's Motion To Reopen Bankruptcy Case and Motion For Contempt And Injunctive Relief in an amount to be determined at a hearing scheduled and held before This Court and 4) imposes sanctions against Debtor for the frivolously filed motions or alternatively permit Creditors to re-open their Adversary Proceeding against Debtor and proceed to jury trial.

Respectfully Submitted,

*Hal H. Harris* /s/            *Terrence A. Colbert* /s/
Hal H. Harris, Creditor            Terrence A. Colbert, Creditor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | Case No: 5:14-bk-02262-HWV |
| | : | |
| Hal H. Harris & Terrence A/ Colbert, | : | |
| Respondents | : | |

**ORDER**

Upon consideration of Debtor's Motion for Contempt And Request for Injunctive Relief and Respondents' Opposition To Debtor's Motion For Contempt And Request For Injunctive Relief, Debtor's Motion For Contempt And Request For Injunctive is hereby **DENIED IN ITS ENTIRETY WITH PREJUDICE**, This Court finds that Respondents' Federal Case against Allstate Property And Casualty Insurance Company has no bearing on Debtor's Bankruptcy case or any items covered by Debtor's Bankruptcy Discharge, Respondents may continue to prosecute their civil actions against Debtor in State Court and Debtor's Bankruptcy Case is closed forthwith.

**Entered This _____ Day of _____ 2022**

**BY THE COURT**

_____
Honorable, Henry W. Van Eck
Chief Bankruptcy Judge

Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE A. COLBERT,          :
      Plaintiff             :   CIVIL ACTION NO. 3:20-1066
      v.                    :   (JUDGE MANNION)
ALLSTATE PROPERTY AND         :
CASUALTY INSURANCE
COMPANY, et al.,              :
      Defendants            :

## ORDER

Pending before the court is the report of Magistrate Judge William I. Arbuckle which recommends that the defendants' motion to dismiss the plaintiff's complaint be granted with respect to the plaintiff's breach of contract and unjust enrichment claims and denied in all other respects. (Doc. 26). Defendants have filed objections to Judge Arbuckle's report. (Doc. 27).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

Exhibit

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on June 24, 2020, plaintiff, along with Hal H. Harris,[1] filed the instant action alleging claims of breach of contract, negligent misrepresentation, bad faith, civil conspiracy, unfair and deceptive trade practices, and unjust enrichment against defendant Allstate Property and Casualty Insurance Company ("Allstate") and its agent, Debra Colucci.

---

[1] Mr. Harris filed a notice of voluntary dismissal on April 28, 2021, and is no longer a party in this action. (Doc. 19, Doc. 25).

-2-

Defendants filed a motion to dismiss the plaintiff's action arguing that the court need not reach the merits of the plaintiff's claims because of procedural defects in the complaint and because the plaintiff did not comply with the insurance policy's one-year suit limitation clause. (Doc. 6, Doc. 7).

In addressing defendants' motion to dismiss, Judge Arbuckle found that the limitations provision bars the plaintiff's breach of contract claim, but not the statutory bad faith claim, which is independent of the underlying contract claim. Although defendants did not address whether the plaintiff's tort claims arise under the contract, are subject to the policy's limitations clause, are barred by the policy's limitation period or applicable statute of limitations, or that they fail on the merits, in reviewing the allegations of the complaint, Judge Arbuckle found that the unjust enrichment claim was clearly based on the insurance contract and was therefore barred by the gist of the action. As to the remaining tort claims, while Judge Arbuckle had doubts as to the merits of the claims or their timeliness, without briefing by defendants, Judge Arbuckle chose not to address them *sua sponte* and, instead, indicated that the defendants could address the claims at a later time.

Defendants have filed objections to Judge Arbuckle's report in which they argue that the plaintiff's unfair and deceptive trade practices claim fails

on the merits and that the plaintiff's claims for negligent misrepresentation, civil conspiracy and unfair and deceptive trade practices must fail as those claims accrued on dates which render them barred by a one-year "catch all" provision in the applicable policy. As reflected in Judge Arbuckle's report, these arguments were not raised before him and therefore he did not have the opportunity to address these arguments with full briefing. Accordingly, the court will not overrule Judge Arbuckle's report on these bases. As indicated by Judge Arbuckle in his report, the defendants may raise any limitations defense to the plaintiff's tort claims at a later date, i.e., through a motion for summary judgment. So too, they may raise any challenge to the merits of the plaintiff's claims through such a motion.

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) The defendants' objections to Judge Arbuckle's report and recommendation **(Doc. 27)** are **OVERRULED**.

(2) The report and recommendation of Judge Arbuckle **(Doc. 26)** is **ADOPTED IN ITS ENTIRETY**.

(3) The defendants' motion to dismiss **(Doc. 6)** is **GRANTED IN PART AND DENIED IN PART**.

(4) The defendants' motion to dismiss is **GRANTED** as to the plaintiff's breach of contract and unjust enrichment claims.

(5) The defendants' motion to dismiss is **DENIED IN ALL OTHER RESPECTS**.

(6) The instant action is **REMANDED** to Judge Arbuckle for further proceedings.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

DATE: September 16, 2021
20-1066-01

**FORM C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF:
In Re" Leticia R. Couttien )
 ) Chapter: 7
 )
 ) Case Number: 5:14-BK-02262
 )
DEBTOR(S) )

**CERTIFICATE OF SERVICE**

I certify that I am more than 18 years of age and that on May 16th, 2022, I served a copy of Respondents' Opposition To Debtor's Motion For Contempt & Request For Injunctive Relief on the following parties in this matter:

| Name and Address | Mode of Service |
|---|---|
| Letcia R. Couttien<br>104 Condor Drive<br>Tamiment, PA 18371 | U.S. Mail With Proof Of Service |
| | |
| | |
| | |
| | |

I certify under penalty of perjury that the foregoing is true and correct.

Date: May 16th, 2022 Name: s/Hal H. Harris
 *Printed Name of Attorney*
 Address: Hal H. Harris

 315 Keswick Avenue, Bushkill, PA 18324

Revised: 03/22/05

# Cindy Boyle

| | |
|---|---|
| **From:** | web@pamb.uscourts.gov on behalf of PAMB Web <web@pamb.uscourts.gov> |
| **Sent:** | Tuesday, May 17, 2022 9:41 AM |
| **To:** | PAMBml_fax |
| **Subject:** | EDSS filing from Hal H. Harris for Leticia R. Couttien on Tuesday, May 17, 2022 - 09:41 |

Submitted on Tuesday, May 17, 2022 - 09:41 Submitted by user: Anonymous Submitted values are:

Filer's Name: Hal H. Harris
Debtor's name (if different): Leticia R. Couttien Filer's EMail Address: hhh@harris3.com Filer's Phone Number: (570) 213-3648 Case number (if known): 5:14-bk-02262
  ==Documents==
  Document 1:

https://www.pamb.uscourts.gov/system/files/webform/edss/20220517%20-%20Opposition%20To%20Debtor%27s%20Motion%20For%20Contempt%20-%20Final.pdf
   Document description: Respondent's Opposition To Debtor's Motion
   For Contempt And Request For Injunctive Relief & Certificate Of
   Service
    ==More Documents==
    Document 2:
    Document 2 description:
    Document 3:
    Document 3 description:
    Document 4:
    Document 4 description:
    Document 5:
    Document 5 description:

By entering my name in the box below, I affirm that I am intending to sign this form with my signature and consent to use this electronic form.: Hal H.
Harris

1