FILED
**August 24, 2022**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | |
| v. | : | Case No: 5:14-bk-02262 |
| Hal H. Harris & Terrence A. Colbert, | : | |
| Respondents | : | |

### RESPONDENT'S MOTION FOR 1) CONTINUANCE 2) CLARIFICATION OF CONTEMPT CHARGE 3) DISCOVERY AND 4) FORMAL TRIAL

NOW COMES Hal H. Harris ("Harris") and Terrence A. Colbert ("Colbert") collectively referred to as "Respondents", who file this combined motion and in support thereof avers;

1. On January 20th, 2022, Leticia R. Couttien ("Debtor"), proceeding Pro-Se, filed a motion To Reopen Bankruptcy Case ("*MTR*"), without any supporting brief, falsely claiming Respondents were in contempt of This Court's Discharge Order dated June 26th, 2018. Debtor failed to properly serve her *MTR* on Respondents. Instead, Respondents became aware of the *MTR* when Debtor's attorney attached the *MTR* to a motion filed in State Court.

2. This Court's ORDER dated January 20th, 2022, titled "Order Filing Fee Due", stated; "*Finding that the fee in the amount of $260.00 assessed in connection with the Motion to Reopen, has not been paid, it is hereby ORDERED that the fee be paid in full on or before January 29, 2022 or the pleading may be stricken by the court for failure to pay the filing fee.*"

3. By ORDER dated January 21st, 2022, Mark J. Conway, who was the Trustee on Debtor's bankruptcy case and is now a Judge in This Court, issued an ORDER recusing himself from this case because "a conflict may exist" between Judge Conway and Debtor.

4. Harris tried in earnest, for weeks, via various phone calls and emails to personnel in This Court's Clerk's Office and Judge Van Eck's staff, to get approval to file pleadings via ECF.

5. By ORDER dated February 1st 2022, despite the facts that Debtor 1) utterly failed to abide by This Court's January 20th, 2022 ORDER and 2) did not file a written motion or request to be relieved of paying the filing fees, Chief Judge Henry W. Eck vacated This Court's ORDER dated January 20th, 2022, that Ordered Debtor to pay $290 in filing fees by January 29th, 2022.

6. On February 8th, 2022, Harris filed a written request to file pleadings via ECF.

7. By separate ORDERS dated February 8th, 2022, that were mailed to Respondents, This Court granted 1) Debtor's *MTR* and 2) denied Harris' motion to file pleadings via ECF.

8. On February 9th, 2022 Respondents filed their *Opposition To Debtor Motion To Reopen Bankruptcy Case* ("*Opposition To MTR*").

9. By ORDER dated February 11th, 2022, This Court Overruled Respondents' *Opposition To MTR* and stated it was "moot" because This Court had already granted Debtor's *MTR*.

10. On April 25th, 2022, Debtor filed, but did not serve on Respondents, a *Motion for Contempt and Request for Injunctive Relief,* ("*MFC*"), without any supporting brief, that falsely claimed Respondents violated This Court's June 26th, 2018 Discharge ORDER by 1) pursing the stayed State Case and 2) commencing new litigation, in State Court, against Debtor and her daughter, that *Stipulation To Resolve Adversary Proceeding* ("Bankruptcy Stip"), agreed to by The Parties, that was made an ORDER of This Court, at paragraph 15 thereof specifically states;

    "This Stipulation does not resolve the currently pending and/or stayed civil cases in the Court of Common Pleas of Pike County, Pennsylvania. involving the Parties to this stipulation. This Stipulation does not foreclosure future litigation that either Plaintiff may institute against Couttien."

11. Respondents request that this Court take Judicial Notice of This Court's *Amended Order Approving Stipulation To Resolve Adversary Proceeding,* dated February 28th, 2018, at docket entry 202 and the Bankruptcy Stip at docket entry 196.

12. By NOTICE dated April 26th, 2022, This Court scheduled a Hearing on Debtor's MFC for May 24th, 2022 and further ORDERED Respondents to file objections on or before May 17th, 2022.

13. On May 17th, 2022 Respondent filed and served *Respondent's Opposition To Debtor's Motion For Contempt And Request Injunctive Relief*.

14. On May 20th, 2022, Respondents filed and served their *Notice Respondents Will Present Evidence Electronically*. That same day, This Court issued a SUA SPONTE ORDER that 1) converted the May 24th, 2022 *MFC* Hearing to a Preliminary Hearing and Ordered Oral Argument Only and no evidence or testimony would be taken during the Preliminary Hearing".

15. On May 22nd, 2022, Elizabeth Anderson, Esq. ("Ms. Anderson"), who represents Debtor in the now stayed State Court Case, who **is not** admitted to practice in This Court or Federal District Court, filed a *Motion For Leave Of Court To Testify Remotely*, so she could testify remotely as a witness for Debtor at the then scheduled Preliminary Hearing on Debtor's *MFC*.

16. Curiously, This Court's Sua Sponte Order filed on May 20th, 2022 mentions the *Motion For Leave Of Court To Testify Remotely* allegedly filed by Debtor's attorney on May 22nd, 2022. Actual wording for This Court's Sua Sponte ORDER reads, in pertinent part, as follows;

    > "Upon review of the *Motion For Contempt and Request for Injunctive Relief* (the "Motion for Contempt") filed by the Debtor Leticia R. Couttien (the "Debtor") at ECF No. 105, and the Response filed thereto (the "Response") by Hal H. Harris ("Mr. Harris") and Terrence A. Colbert ("Mr. Colbert") at ECF No. 108, **and upon further review of the *Witness Motion for Leave of Court to Testify Remotely* (the "Motion for Remote Testimony")** filed by the Debtor at ECF No. 109 and the *Notice Respondents Will Present Evidence Electronically* (the "Notice") filed by Messrs. Harris and Colbert at ECF No. 111, it is *sua sponte* hereby **ORDERED"** that the hearing scheduled to occur on Tuesday, May 24, 2022 at 9:30 a.m. on the Motion for Contempt and the Response filed thereto will be a preliminary hearing only to determine if there is cause to move forward in this matter under Title 11, U.S.C. and other applicable law;"

17. Respondents also learned Attorney Anderson is listed, by This Court, as a Party that receives notices when she should not be because she is not Debtor's attorney of record in This Case.

18. On May 24th, 2022, This Court held a Preliminary Hearing on the *MFC*. During this Hearing, Judge Van Eck stated that if Debtor established her prima facia case he would issue scheduling Order. At the conclusion of the Preliminary Hearing, Judge Van Eck scheduled a **trial** on *Debtor's* MFC for June 22nd, 2022, stated no discovery will be allowed and reserved the right to allow discovery at the Trial. No scheduling order was issued. Respondents Object to this.

19. Respondents contend Debtor did not articulate the required Standing and did not present evidence sufficient to establish a Prima Facia case at the Preliminary Hearing. Accordingly, the burden should not have shifted to Respondents.

20. By ORDER dated June 17th, 2022, issued after the Preliminary Hearing, This Court denied Attorney Anderson's *Motion For Leave Of Court To Testify Remotely*.

21. By ORDER dated May 25th, 2022, This Court set the Trial on the *MFC* for June 22nd, 2022.

22. On June 22nd, 2022; Respondents appeared on time. Debtor appeared for late. All Parties appeared, again, as Pro-Se litigants. This Court took sworn testimony from 1) attorneys, J. Zak Christman, Esq, ("Mr. Christman") who represented Debtor in this case before the Discharge 2) Elizabeth Anderson, Esq. ("Ms. Anderson") who represents Debtor in the pending State Court Case and 3) from Debtor. Notably, This Court only allowed Harris limited cross-examination of Debtor's two (2) attorney witnesses and stopped Harris from asking

various questions of both attorneys, on subjects the attorneys discussed, under the guise of such being protected by Attorney-Client privilege. Respondents object and assert Respondents must be allowed to recall and fully Cross-examine both of Debtor's attorneys because the Attorney-Client Privilege was waived when Debtor called attorneys as her witnesses. This Court also took limited testimony from Debtor but has not yet allowed Respondents to fully Cross-Examine Debtor, which Respondents fully intend to do.

23. As to the sworn testimony of J. Zak Christman, Esq., at the June 22nd, 2022 Hearing.

    a. Mr. Christman's testimony was, in sum and substance, his attempt to aide Debtor and convince This Court that the Bankruptcy Stip entered by the Parties only allowed Respondents to pursue a claim against Allstate Insurance Company for personal property, that Debtor admitted she stole from Respondents at paragraphs 10 and 11 of the *Affidavit Of Defendant/Debtor* ("The Affidavit"), that was an integral part of the Bankruptcy Stip, despite the facts that 1) the Bankruptcy Stip made no mention of Respondents pursuing Allstate and 2) Allstate was not and is not a Party to the pending State Case or new litigation against Debtor that paragraph 15 of the Bankruptcy Stip permitted Defendant's to pursue.

    b. Importantly, Mr. Christman provided no documentary evidence to corroborate Mr. Christman's false claims that negotiations took place between Respondents and Mr. Christman involving Respondents pursuing a claim against Allstate prior to execution of the Bankruptcy Stip. Notably, Harris requested that Mr. Christman produce any emails or letters, as documentary evidence, during Harris' limited Cross-Examination of Mr. Christman but Mr. Christman did not produce any such evidence.

    c. Mr. Christman stated Debtor 1) incurred legal fee in excess of thirty thousand dollars ($30,000) to defend her bankruptcy case and Adversary Proceeding before obtaining the Discharge Order and 2) was only paying Mr. Christman the standard witness fee and travel expense to appear at the June 22nd, 2022 Hearing. The record of This Case and Adversary Proceeding at Docket No 5:14-ap-00269 does not show any of Debtor's attorneys legal bills being filed with or approved for payment by This Court during the pendency of either proceeding. Thus, it appears Mr. Christman intentionally aided Debtor in hiding the assets of Debtor's bankrupt estate which only sought to discharge seventeen thousand two hundred fifty-five dollars and thirty-three cents ($17,255.33)

in Unsecured Nonpriority Claims, in violation of law and the Rules of Professional Conduct asset forth by The Disciplinary Board of the Supreme Court of Pennsylvania.

24. As to the sworn testimony of Elisabeth Anderson, Esq., at the June 22nd, 2022 Hearing.
    a. Ms. Anderson's testimony was, in sum and substance was, Ms. Anderson's 1) illegally practicing law, from the witness stand, by aiding Debtor's entry of exhibits in evidence, in violation of L.B.R. 9011-1(a), and 2) attempt to bolster Debtor's false claim that Respondents tried to collect discharged debt not excluded by the Bankruptcy Stip.
    b. Ms. Anderson, by continuing to defend Debtor and attempting help Debtor's avoid liability to Respondents for personal property Debtor stole from Respondents, despite Ms. Anderson having full knowledge, via Debtor's own admission in paragraphs 10 and 11 of The Affidavit, that Debtor stole Respondent's personal property, is herself in violation of the Rules of Professional Conduct asset forth by The Disciplinary Board of the Supreme Court of Pennsylvania.

25. Here, Debtor waived Attorney-Client privilege, which much like Work-Product Doctrine, is not an absolute privilege, by calling her two (2) attorneys as witnesses and having them testify about matters related to 1) the Bankruptcy Stip 2) Discharge Order and 3) a) the State Case noted in the Bankruptcy Stip b) the State Case commenced after the Discharge and c) the lawsuit Respondents filed against Allstate Insurance Company, which, ironically, Debtor is not a Party to. See *United States V. Noble, 422 US 225(Supreme Court 1975)* which HOLDS;

    > "The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived. Here respondent sought to adduce the testimony of the investigator and contrast his recollection of the contested statements with that of the prosecution's witnesses. Respondent, by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony.[14] Respondent 240*240 can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination. See, *e. g., McGautha v. California,* 402 U. S. 183, 215 (1971)."

26. Here, Debtor ambushed Respondents and called Mr. Christman as a witness and seeking to admit exhibits in evidence, in violation of L.B.R. 9011-1(a), without any prior notice to Respondents, at what was supposed to be the trial on the *MFC*. These unscrupulous "ambush" tactics would have been avoided if Respondent had been

afforded tie by This Court to conduct discovery and/or if Debtor had complied with the Federal Rules of Civil Procedure.

27. Respondents contend This Court's actions of 1) not allowing Respondents to undertake discovery before the June 22nd, 2022 trial, that this Court converted to a Hearing after the proceeding commenced 2) restricting Respondent Harris' cross-examination of Debtor's two (2) attorneys, who were called as Debtor's witnesses at the June 22, 2022 Hearing and 3) allowing Debtor to offer/admit evidence Debtor had not previously provided to Respondents before the June 22nd, 2022 trial/hearing must all be reversed.

28. To this date, Debtor nor This Court has stated in writing or on the record if the contempt charge against Respondents is criminal or civil. Respondents request clarification, by This Court of the nature of the contempt charge being pursued against Respondents.

29. Respondents secured signed subpoenas from This Court and will serve them as part of Respondents' discovery, after This Court grants the requested continuance.

30. Harris' certifies he emailed Debtor on August 20th, 2022 seeking concurrence. Debtor replied by email, on August 23rd, 2022 at 7:22 P.M., she does not concur to continuance.

31. Debtor will not be prejudiced by This Court Granting the Motion(s) herein.

32. A Proposed Order and Certificate Of Service are attached hereto.

WHEREFORE, for the reasons stated above Respondents respectfully requests a continuance of the August 31st, 2022 Hearing, for at least forty-five (45) days, a formal trial and that This Court provide Respondents with the following;

1. Clarification if contempt being pursued against Respondents is criminal or civil.
2. Ample time and opportunity to undertake discovery and properly prepare for trial.
3. The ability to recall and fully cross-examine Debtor's attorneys (as Debtor's witnesses) and Debtor at a future fact-finding Hearing and/or jury trial.
4. A Pretrial Conference, on August 31st, 2022 at 10:30 A.M., via Zoom, to set a case management schedule and date for the trial in this matter.

**DATED: THIS 23RD, DAY OF AUGUST 2022**

Respectfully submitted,

*Hal H. Harris* /s/                                                *Terrence A. Colbert* /s/
Hal H. Harris                                                          Terrence A. Colbert
Respondent, Pro Se                                     Respondent, Pro Se

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | |
| v. | : | **Case No: 5:14-bk-02262** |
| Hal H. Harris & Terrence A. Colbert, | : | |
| Respondents | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that the below listed Pleading was filed electronically in This Court, via Electronic Document Submission System (EDSS), on the date appearing below, and a true copy of the same was served on the below listed person(s) in the manner set forth below.

| **Via Email & U.S. Mail**<br>Leticia R. Couttien, Debtor<br>104 Condor Drive<br>Tamiment, PA 18371 | | |
|---|---|---|

**Pleading(s) Served:**

1. Respondent's Motion For 1) Continuance 2) Clarification Of Contempt Charge 3) Discovery And 4) Formal Trial

**Dated: August 23rd, 2022**

*Hal H. Harris* /s/
Hal H. Harris
Respondent, Pro Se
315 Keswick Avenue
Bushkill, PA 18324
Tel: (570) 213-3648

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | |
| v. | : | **Case No: 5:14-bk-02262** |
| Hal H. Harris & Terrence A. Colbert, | : | |
| Respondents | : | |

**ORDER**

AND NOW, on this _____ day of August, 2022, after consideration of *Respondent's Motion For 1) Continuance 2) Clarification Of Contempt Charge 3) Discovery And 4) Demand For Jury Trial* ("*Respondents' Continuance Motion*") filed on August 23rd, 2022 by Respondents Hal H. Harris ("Mr. Harris") and Terrence A. Colbert ("Mr. Colbert") it is hereby

**ORDERED** that Respondents' *Respondents' Continuance Motion* is GRANTED. And it is,

**FURTHER ORDERED** that Debtor shall file with This Court and serve on Respondents, within five (5) days of this ORDER, a writing that sets forth if the contempt finding Debtor seeks in *Debtor's Motion For Contempt And Injunctive Relief*, against Respondents, is for criminal contempt or civil contempt, and the authority supporting such motion. And it is,

**FURTHER ORDERED** that Respondents are permitted forty-five (45) days, from the date This Court serves notice of the type of contempt Debtor is pursing to 1) conduct discovery. And it is,

**FURTHER ORDERED** that a Pretrial/Scheduling Conference shall take place, via Zoom, on August 31st, 2022 at 10:30 A.M. during which time a trial shall be scheduled. And it is,

**FURTHER ORDERED** that Attorneys J. Zak Christman, Esq. and Elizabeth Anderson, Esq. shall appear, as Debtor's witnesses, to be cross-examined by Respondents, at the Trial in this matter.

By The Court

_____
**Henry W. Van Eck**
**Chief Judge**