In re:                                                           Case No. 14-02262-HWV

Leticia R. Couttien                                         Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5                                User: AutoDocke                                Page 1 of 2

Date Rcvd: Aug 25, 2022                         Form ID: pdf010                           Total Noticed: 3

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 27, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| 4489749 | + | HAL HARRIS, 315 Keswick Avenue, Bushkill, PA 18324-8141 |
| 4489754 | + | TERRENCE COLBERT, 218 E 115th Street #8A, New York, NY 10029-2131 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: lcouttien@gmail.com | Aug 25 2022 18:36:00 | Leticia R. Couttien, 284 Saunders Drive, Bushkill, PA 18324-8588 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 27, 2022                               Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 25, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew Michael Rongaus | on behalf of Miscellaneous Participant PA State Police arongaus@pa.gov |
| J. Zac Christman | on behalf of Defendant Leticia R Couttien jchristman@newmanwilliams.com office@fisherchristman.com |
| J. Zac Christman | on behalf of Debtor 1 Leticia R. Couttien jchristman@newmanwilliams.com office@fisherchristman.com |

Joshua I Goldman
    on behalf of Creditor Lakeview Loan Servicing LLC josh.goldman@padgettlawgroup.com, angelica.reyes@padgettlawgroup.com

Leon P Haller
    on behalf of Miscellaneous Participant Metropolitan Edison Company dba Met-Ed lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com

Lisa A Rynard
    on behalf of Miscellaneous Participant Metropolitan Edison Company dba Met-Ed larynard@larynardlaw.com

Thomas I Puleo
    on behalf of Creditor Lakeview Loan Servicing LLC tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com

United States Trustee
    ustpregion03.ha.ecf@usdoj.gov

Vincent Rubino
    on behalf of Debtor 1 Leticia R. Couttien lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;lbeaton@newmanwilliams.com;rkidwell@newmanwilliams.com;swiggins@newmanwilliams.com

William E. Craig
    on behalf of Creditor Nissan Motor Acceptance Corporation servicer for Nissan-Infiniti, LT ecfmail@mortoncraig.com, mortoncraigecf@gmail.com

TOTAL: 10

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re: Leticia R. Couttien,** | : | Chapter 7 |
| Debtor | : | |
| | : | Case No: 5:14-bk-02262 |
| v. | : | |
| | : | |
| **Hal H. Harris & Terrence A. Colbert,** | : | |
| Respondents | : | |

## ORDER

Before the Court is the *Respondent's Motion for 1) Continuance 2) Clarification of Contempt Charges 3) Discovery and 4) Formal Trial* (the "Motion"). After careful review of the arguments contained within this *pro se* Motion, it is hereby ORDERED:

1. That the request for continuance is DENIED, as the Motion does not include a Notice of Concurrence by the non-moving party and the Movant has failed to put forth reasons justifying a continuance over the objections of the non-moving party.

2. That the request for clarification (beyond the "clarification" contained in this paragraph) is DENIED as moot. The request seeks clarification as to whether the contempt charge against the Movant is criminal or civil in nature. It is well-established that "the automatic stay, 11 U.S.C. § 362(a), constitutes an injunction with the force of an order of this court, knowing violation of which gives rise to the remedy of <u>civil</u> contempt." *In re Stephen W. Grosse, P.C.*, 84 B.R. 377, 383–84 (Bankr. E.D. Pa. 1988), *aff'd sub nom. In re Grosse*, 96 B.R. 29 (E.D. Pa. 1989), *aff'd sub nom. Dubin v. Jakobowski*, 879 F.2d 856 (3d Cir. 1989), *and aff'd sub nom. In re Stephen W. Grosse*, P.C., 879 F.2d 857 (3d Cir. 1989)(emphasis added).

3. That the request for additional discovery is DENIED as, in the Court's view, all the disputed issues in this matter are legal in nature, and there are no factual disputes which might be

1

resolved by additional discovery. The Court reserves the right to revisit this issue at trial should future developments warrant it.

4. The request for permission to subpoena and recall witness who have already testified at prior hearings is DENIED. The Movant has had the opportunity to examine these witnesses under oath previously and has failed to come forth with reasons justifying additional examinations. In any case, as the Court has noted, this matter involves purely legal disputes that are not likely to be clarified by additional testimony. The Court reserves the right to revisit this issue at trial should future developments warrant it.

5. For the same reason, the request for a pretrial conference to be held on August 31, 2022, in lieu of the trial already set for that date is DENIED. As all disputes are legal and there is no need for additional discovery, a pretrial conference "to set a case management schedule and date for trial in this matter" is redundant and unnecessary. The trial will go forth on its scheduled date.

By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: August 25, 2022

2

Case 5:14-bk-02262-HWV    Doc 131    Filed 08/27/22    Entered 08/28/22 00:21:33    Desc
Imaged Certificate of Notice    Page 4 of 4