# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
Harrisburg, PA
AUG 31 2022
US Bankruptcy Clerk, Court

| In Re: Leticia R. Couttien, | : | |
|---|---|---|
| Debtor | : | Chapter 7 |
| | : | Case No: 5:14-bk-02262 |
| Hal H. Harris & Terrence A/ Colbert, | : | |
| Respondents | : | |

## RESPONDENTS MOTION TO DISMISS

NOW COMES Hal H. Harris and Terrence A. Colbert, collectively referred to hereinafter as "Respondents" who move This Court to dismiss Debtor Motion For Contempt And Injunctive Relief.

1. Congress made clear that Bankruptcy protection is only available to "Honest But Unfortunate Debtors" which Debtor is not, as documented by her admission, in the Affidavit Of Defendant Debtor that is an integral part of the Stipulation To Resolve Adversary Proceeding, which as s made an Order of his Court, that Debtor fraudulently listed personal property, that Debtor stole form Respondents, as being owned by Debtor on Debtor's Bankruptcy Schedules. Thus, Debtor is not entitled to a discharge. See *Grogan v Grogan, $96, US 279 (1991)*

2. Doctrine of Laches applies here and prevents Debtor's frivolous Moton because Debtor sat on her hands for over three and one half (3 ½) years, from April 2019, when Respondents relisted the stayed State Case, to January 2013, before making her false claim in This Court that Respondents allegedly violated the Discharge Order.

3. Law of The Case Doctrine applies. Here Debtor did not appeal This Court's Order that made the Stipulation To Resolve Adversary Proceeding and Order of This Court. Hence, Debtor is bound by the Stipulation and will have to pay Respondents for all the post-bankruptcy debts and obligations Respondents secure a judgement against Debtor for in State Court.

4. Res Judicata applies. Here, the Parties litigated, for years, about the true owners of Respondent's personal property Debtor fraudulently listed as being owned Debtor on Debtor's bankruptcy schedules. That litigation ended with Debtor's Admission in Stipulation To Resolve Adversary Proceeding, which all the Parties are now bound by.

5. The Stipulation To Resolve Adversary Proceeding is clear. It moved the dispute between Debtor and Respondent from This Court back to the State Court and limited the judgment Respondents can obtain against Debtor to any Post Bankruptcy debts and obligations only.

6. No conflict exists in paragraph 15 of the Stipulation To Resolve Adversary Proceeding because.
    a. Bankruptcy Stip allowed State case to proceed, because it was not resolved, and made clear that any judgement Respondents secured in State Court could not include and of Debtor's **DISCHARGABLE** personal debts and obligations **INCURRED** on or the date Debtor filed for bankruptcy, which is May 13th, 2014.
    b. Any judgment Respondents secure in State Court against Debtor would be paid from Debtor's post-bankruptcy assets and not from assets of Debtor's bankrupt estate.
    c. All debts/obligation Debtor incurred due to Debtor's Fraud, Theft, Malicious Acts, Concealment and/or Misrepresentation are NON-DISCHARGEABLE.
    d. Bankruptcy Stip nor Debtor's Bankruptcy Court Discharge Order eliminates debts and obligations Debtor is or becomes liable for AFTER May 14th, 2013.
7. Bankruptcy Stip does not state anywhere in it that The Parties agreed Respondents would pursue legal action against Allstate Insurance Company and/or that Respondents would not pursue Respondents Counterclaims against Debtor in State Court for Respondents' personal property that Debtor admitted Debtor stole at paragraphs 10 & 11 of the *Affidavit Of Debtor/Defendant* that's part of The Bankruptcy Stip, which is an Order of This Court.
8. Testimony of Debtor former Bankruptcy attorney J. Zak Christman, Esq. ("Mr. Christman") is irrelevant because it is uncorroborated and undocumented parole evidence and is inadmissible.
9. Based on the sworn testimony of Mr. Christman and Debtor, it appears Mr. Christman failed to inform This Court and/or the Trustee, Mr. Mark J. Conway who is not Judge in This Bankruptcy Court. who recused himself from This Case, that Debtor was paying Mr. Christman's legal fees, which exceeded $30,000, with assets from Debtor's bankrupt estate.
10. Debtor entered into and benefited from Bankruptcy Stip as follows;
    a. Debtor received discharge of her Debts and obligations owed to other creditors besides Respondents.
    b. Debtor stopped the accumulation of additional legal fees, on top the $30,000 plus in legal fees Debtor had already incurred, to take the Adversary Proceeding to a jury trial and potential appeal.

c. Debtor was able to further delay a judgement being against her for her theft of Respondents' personal property, vandalizing Colbert's real property, contempt of the State Court Stipulations/Orders.
11. Respondents, out of abundance of caution, never tried to collect any debts or obligations Debtor owed to Respondents that This Court's June 2018 Discharge Order may have discharged. To wit, Respondents never sought to collect any portion of the $22,000 debt Debtor was liable for, as co-signor, for a loan Debtor received from Respondents' company, that Debtor obtained based on what are is now known to be Debtor's false representation(s). Notably, Debtor's obligation for this particular loan **was not** listed as a liability on Debtor's bankruptcy schedules.
12. Respondent will submit a legal brief/memorandum if This Court allows and/or requires it.

WHEREFORE Respondents Respectfully request that This Court Dismiss Debtor Motion For Contempt and lift the stay that This Court placed on the State Curt actions forthwith.

The Respondents blow certify that the original of This Motion was filed in This Court on August 31st, 2022 and personally serve on Debtor in Court on this same day.

Terrence A. Colbert
Respondent Pro, Se

Hal H. Harris
Respondent Pro, Se