FILED
March 27, 2023
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:  Leticia R. Couttien, | : | Chapter 7 |
| Debtor | : | |
| v. | : | **Case No: 5:14-bk-02262** |
| Hal H. Harris & Terrence A. Colbert, | : | |
| Respondents | : | |

## STATEMENT OF ISSUES ON APPEAL

NOW COMES Hal H. Harris ("Harris") and Terrence A. Colbert ("Colbert") collectively referred to as "Respondents", who file this Statement Of Issues Complained Of on Appeal;

1. Court erred by denying Respondents' three (3) requests to file and receive pleadings, documents and Orders filed in the case, electronically, via the court CM/ECF system.

2. Court erred by Denying Respondents' *Objection To Motion To Reopen Case* for numerous reasons including the following reasons;

    a. *Stipulation To Resolve Adversary Proceeding ("Bankruptcy Stipulation),* that is part of The Court's record and filed with Respondent's *Opposition to Debtor's Objection To Motion To Reopen Case* contains Debtor's sworn admission that Debtor knowingly filed fraudulent bankruptcy schedules and statements.
    b. The Court failed to apply to Doctrine Of Latches against Debtor's long delayed motion to reopen bankruptcy case.
    c. The Court failed to apply Judicial Estoppel to the case at bar.

3. Court erred by Denying/Overruling Respondents' Objection To Debtor Motion For Contempt and Injunctive Relief.

4. Court erred by not recognizing that various paragraphs of the *Bankruptcy Stipulation* as Debtor's intentional and informed waiver of bankruptcy laws that prevented Respondents from pursuing State Court Case #1 and commencing State Court Case #2.

5. Court erred because debts incurred Debtor by fraud, including Debtor's use and continued use of Respondents' real and personal property and assets not listed on Debtor's Schedules, are non-dischargeable in bankruptcy.

6. Court erred by denying Respondents' *Motion To Preclude Debtors' Contempt Trial Exhibits.*

7. Court erred by declaring debt Respondents are pursuing in Court Of Common Pleas for Pike County, PA at Docket Number 1171 CIV 2013 ("State Court Case #1") as uncollectable due to Debtor's bankruptcy discharge because 1) the language of the *Bankruptcy Stipulation* was not ambiguous and specifically permitted Respondents to pursue State Court Case #1 and 2) monetary damages Respondents seek in State Court Case #1 relate to Respondents' personal property that Debtor continued to use illegally and then stole from Respondents in June 2014, which was AFTER Debtor's May 13th, 2013 filing for bankruptcy.

8. Court erred by declaring and/or insinuating debts Respondents are pursuing in Court Of Common Pleas for Pike County, PA at Docket Number 1241 CIV 2019 ("State Court Case #2") as uncollectable due to Debtor's bankruptcy discharge because 1) Claims asserted against Debtor in State Court Case #2 could not be brought until after Not Guilty Verdicts in the State criminal case were secured and conclusion of Debtor's Bankruptcy Case. Additionally, Debtor only one of two (2) Defendants in State Case #2.

9. Court erred by failing to rescind Debtor's discharge, after Debtor's Bankruptcy case was reopened, when The Court learned, through documentary evidence, that Debtor was/is a DISHONEST DEBTOR who, by U.S. Congress mandate, is not entitled to a bankruptcy discharge, because Debtor committed bankruptcy fraud and tried to use Debtor's bankruptcy filing to cover and absolve Debtor's theft of Respondents property, which is grand larceny.

10. Court erred and demonstrated by 1) allowing Debtors attorney, Elizabeth Anderson, Esq. was NOT admitted to practice in bankruptcy court, to practice law from the witness stand and 2) disallowing Respondents to properly cross-examine Debtor's attorneys a) J. Zak Christman, Esq. and b) Elizabeth Anderson, Esq., "Attorney Client Privilege" despite the fact both attorneys voluntarily took gave testimony, as witnesses for the Debtor."

11. Court demonstrated its bias against Respondents and Abused Its Discretion, in various ways, including but not limited to the presiding Judge, Hon. Henry W. Van Eck, advocating for and making arguments for Debtor, some of which Debtor did not raise.

12. Court demonstrated its bias against Respondents by 1) disallowing Respondents to present evidence electronically 2) not striking documents Debtor filed and made part of the record despite The Court's Order that Parties were not to do so and 3) not requiring Debtor to meet filing requirements as were applied against Respondents, despite all Parties being Pro Se.

13. Court erred by delaying issuance of Final Order and purposely withholding the mailing of the Final Order, to Respondents, until AFTER the deadline to file an appeal had passed.

14. Issue(s) related to abridgement of Respondents' U.S. Constitutional Rights.

Respectfully submitted,

*Hal H. Harris* /s/    *Terrence A. Colbert* /s/
Hal H. Harris    Terrence A. Colbert
Respondent, Pro Se    Respondent, Pro Se